IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



STRETCHLINE
INTELLECTUAL PROPERTIES LTD.,

    Plaintiff,

v.                                                CIVIL ACTION NO. 2:10-cv-371

H&M HENNES & MAURITZ LP,

    Defendant.

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on a Motion to Voluntarily Dismiss from Plaintiff Stretchline Intellectual Properties LTD. ("Stretchline"). The Court has reviewed the pleadings in this matter. A hearing will not aid in the disposition and moreover, Stretchline has waived oral argument. Having considered the pleadings, Plaintiff's Motion to Voluntarily Dismiss is **GRANTED WITH PREJUDICE**.

### I.    FACTUAL & PROCEDURAL HISTORY

This matter stems from Stretchline's claims against Defendant H&M Hennes & Mauritz LP ("H&M") alleging that Defendant has infringed its patent, in violation of 35 U.S.C. § 271(a) – (c), by making, using, selling, or offering to sell in, or importing into, the United States, including in this district, one or more products claimed in one or more claims of the '578 patent or made by a process claimed in one or more claims of the '578 patent, including without limitation, H&M "Beauty" Underwire Lace brassiere and H&M "Beauty" Underwire Light Padding brassiere.

This suit originally arose in July 30, 2010 with the filing of Stretchline's Complaint. On February 9, 2011, H&M filed its Answer. ECF No. 12. On June 17, 2011, the Court received the

Joint Notice of Settlement from the Parties. ECF No. 32. On July 11, 2011, nearly one year after the filing of this case, the Court entered the Stipulation and Order of Voluntary Dismissal and this case was stricken from its docket. ECF No. 33. On April 4, 2013, nearly two years later, Plaintiff filed a Motion to Enforce Settlement Agreement. ECF No. 34. On June 10, 2013, this Court held a hearing and explained that Stretchline's Motion to Enforcement Settlement was premature because Stretchline had not "adequately pursued the requirements of [its] own agreement" before filing its motion. Mot. to Enforce Settlement Hr'g Tr. 3:4-7, June 10, 2013, ECF No. 48. Specifically, in the two years since reaching a settlement agreement, Stretchline had failed to turn over the accused products to H&M for examination. The Court ordered Stretchline to produce the accused products within 30 days and H&M to examine them within 10 days of receipt. Mot. to Enforce Settlement Hr'g Tr. 8:11-19. Thereafter, settlement negotiations broke down and the case proceeded toward trial. On December 2, 2014, Stretchline filed a Motion to Compel Production of Sales and Revenue Documents for the accused products. ECF No. 71.[1] On December 11, 2014, a Markman Hearing was held, at the start of which H&M announced that it would accept Stretchline's contention that "no construction is necessary" for three terms: "tubular fabric," "support yarn," and "elastomeric yarn." With respect to the fourth term, "fusible yarn," H&M accepted Stretchline's meaning, "yarn that can be melted at a predetermined temperature and cooled to adhere to other yarn."

On January 26, 2015, Stretchline filed the instant Motion to Voluntarily Dismiss without prejudice pursuant to Rule 41(a)(2), with supporting memorandum. ECF No. 79 & 80. On February 9, 2015, H&M filed its Response in Opposition (ECF No. 81) and requested that Stretchline's motion be denied and the case permitted to move forward. On February 12, 2015,

---

[1] Fully briefed, action on that motion depends on whether Stretchline decides to move forward with its case after the filing of this Order.

Stretchline filed its Reply (ECF No. 83) and requested that the Court grant its motion and dismiss the action (1) without prejudice on the condition that Stretchline pays H&M's costs if it re-files, or (2) with prejudice on the condition each party bears its own costs. The Court granted H&M's request to file a Sur-Reply. In its Sur-Reply, H&M requests the Court deny the motion or grant a dismissal with prejudice on the condition Stretchline pays H&M's costs and H&M is allowed to file a motion for attorneys' fees. ECF No. 87.

## II. LEGAL STANDARDS

### A. Rule 41(a)(2) Dismissal

Because dismissal with or without prejudice is a question of procedure, the Federal Circuit applies the law of the regional circuit. *Anderson Corp. v. Pella Corp.*, 300 F. App'x 893, 900 (Fed. Cir. 2008) (citing *Intel Corp. & Dell Inc. v. Commonwealth Scientific & Indus. Research Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has stated that the denial of a motion to dismiss without prejudice is reviewed for abuse of discretion. *Ellet Bros., Inc., v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

The primary focus of a Rule 41(a)(2) motion is protecting the interests of the defendant. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Although the decision is discretionary, the "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Bridge Oil, Ltd. v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (per curiam) (quoting *Davis*, 819 F.2d at 1273). Yet, the prejudice that may accrue to the defendant must be substantial. *Andes*, 788 F.2d 1033, 1036 (4th Cir. 1986) (citing *Kenrose Mfg. Co. v. Fred Whitaker Co.*, 512 F.2d 890, 895 (4th Cir. 1972)). "[A]bsent plain legal prejudice to the defendant," a Rule 41(a)(2) motion should be granted. *Ellett Bros.*, 275 F.3d at 388.

As the Fourth Circuit has stated, "[its] jurisprudence on . . . what constitutes sufficient prejudice . . . is not free from ambiguity." *Howard v. Innova Health Care Servs.*, 302 F. App'x 166, 179 (4th Cir. 2008). There is, however, guidance on what will not qualify as prejudice of the degree that warrants denial of a Rule 41(a)(2) motion: the prospect of a subsequent lawsuit, *Ellett Bros.*, 275 F.3d at 388–89, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation, *Davis*, 819 F.2d at 1275, or the mere filing of a summary judgment motion, *Andes*, 788 F.2d at 1036 n. 4. Furthermore, extensive discovery is not prejudicial where the evidence discovered may be used in a subsequent action. *Davis*, 819 F.2d at 1276 (citing *Tyco Labs. Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980).

In ruling on a Rule 41(a)(2) motion, a court should consider: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending. *Hobbs v. Kroger Co.*, 175 F.3d 1014, 1014 (4th Cir. 1999) (unpublished) (*per curiam*) (citing *Phillips USA, Inc. v. All-flex USA, Inc.*, 77 F.3d 354, 358 (10th Cir.1996); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987)). The Court does not need to resolve each factor in favor of the moving party for dismissal without prejudice to be appropriate. By the same token, it need not resolve each factor in favor of the opposing party for denial of the motion to be proper. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Furthermore, this four-factor inquiry is not exclusive. Depending on the circumstances of the case, the court should consider any other relevant factors. *Hobbs*, 175 F.3d at 1014 (citing *Ohlander*, 114 F.3d at 1537). Whether the dismissal without prejudice "would result in a waste of judicial time and effort," is relevant to the inquiry. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

Rule 41(a)(2) dismissals are without prejudice "[u]nless otherwise specified in the [district court's] order." Fed. R. Civ. P. 41(a)(2). Thus, the court is not bound to grant a plaintiff's request for dismissal without prejudice. The court's authority to dismiss *with* prejudice is implied in the language of the rule. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993). Notwithstanding its authority, when a plaintiff files a Rule 41(a)(2) motion for voluntary dismissal without prejudice and the court intends to dismiss with prejudice, the court may not do so unless it first provides the plaintiff with the minimum requirements of fundamental fairness, to wit: (1) advance notice of its inclination toward such dismissal, (2) the opportunity to respond to defense counsel's request for that result; and (3) the option of allowing its case to proceed to judgment on the merits. *Grades v. Gregory*, 37 F.3d 1493, 1493 (4th Cir. 1994) (unpublished) (*per curiam*). *See also Andes*, 788 F.2d at 1037 ("It upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing *with* prejudice, while failing to give the moving party notice of its inclination to impose this extreme remedy. [A p]laintiff deserve[s] such notice and an opportunity to proceed with the litigation of this case."); *United States v. One Tract of Real Prop.*, 95 F.3d 422, 425–26 (6th Cir. 1996) (adopting the approach of its sister circuits, including the Fourth Circuit's decision in *Andes*); *Jones v. Hill*, 73 F.3d 357, 357 (4th Cir. 1995) (unpublished) (*per curiam*) ("[T]he plaintiff is entitled to notice of the district court's intention to dismiss with prejudice so that he may consider the options available to him."); *Jamarillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995) (plaintiff entitled to notice of court's intent to dismiss with prejudice and the chance to withdraw the request and proceed to litigation).

Rule 41(a)(2) authorizes, but does not require, a district court to impose conditions. Fed. R. Civ. P. 41(a)(2) (dismissal granted "upon such terms and conditions as the court deems

proper"); *see also Flath v. Bombardier, Inc.*, 217 F.3d 838 n.7 (4th Cir. 2000) (unpublished) (*per curiam*).

**B.     Costs & Attorneys' Fees**

   **1.     Costs**

The Federal Circuit engages in a bifurcated inquiry of a district court's decision regarding prevailing party costs under Rule 54 of the Federal Rules of Civil Procedure. *Power Mosfet Technologies, L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). First, Federal Circuit law determines whether a party is "prevailing" for purposes of costs under Rule 54. *Id.* Second, the district court's decision on the award of costs is reviewed under the law of the regional circuit. *Id.* (citing *Manildra Milling Corp. v. Ogilvie Mills*, 76 F.3d 1178, 1180–83 (Fed. Cir. 1996)).

Under the law of the Federal Circuit, a dismissal of a claim with prejudice is a judgment on the merits. *Highway Equipment Co., Inc., v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006) (citing *Power*, 378 F.3d at 1416). Accordingly, a party which has all claims against it dismissed with prejudice, is a prevailing party. *Id. See also Manildra Milling*, 76 F.3d at 1182 (If "one party wins completely on every claim at issue, determining which party has prevailed is a straightforward task.").

The Fourth Circuit has held that Rule 54 "gives rise to a presumption in favor of an award of costs to the prevailing party" such that "in the ordinary course, a prevailing party is entitled to an award of costs." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The court must justify any departure from this general rule by "articulating some good reason for doing so." *Id.* (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir.1990)).

2. **Attorneys' Fees**

a. **Title 35 U.S.C. § 285**

The prevailing party issue under Title 35 U.S.C. § 285 and Rule 54 are treated similarly. *Highway Equip.*, 469 F.3d at 1035. A fee claim under § 285 requires a finding that there has been a "judicially sanctioned change in the legal relationship of the parties," *Id.* at 1034 (quoting *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). As provided in § 285, a district court "in exceptional cases may award reasonable attorney's fees to the prevailing party." *Id.* at 1033.

The Supreme Court recently set aside the Federal Circuit's standard to determine whether a case qualifies for "exceptional" treatment under § 285. Until recently, Federal Circuit precedent required the defendant to show by "clear and convincing evidence," *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382, (Fed. Cir. 2006), *abrogated by Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, —— U.S. ——, 134 S.Ct. 1749 (2014), that "(1) the litigation [was] brought in subjective bad faith, and (2) the litigation [was] objectively baseless." *Id.* at 1382. The district court's determination was subject to *de novo* review, *Highmark, Inc. v. Allcare Health Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 (Fed. Cir. 2012) (*vacated and remanded, Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, —— U.S. ——, 134 S.Ct. 1744, 1749 (2014)). Determining that the Federal Circuit's approach was "rigid and mechanical," *Octane*, 134 S.Ct. at 1754, the Supreme Court held that an "'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. The exceptional-case determination is a "case-by-case exercise of [the district court's] discretion, considering the totality of the circumstances." *Id.* All

aspects of a district court's § 285 determination are now reviewed under an abuse of discretion standard. *Highmark*, 134 S.Ct. at 1749.

The Supreme Court highlighted its decision in *Fogerty v. Fantasy, Inc.*, which concerned the "comparable context of the Copyright Act." *Octane*, 134 S.Ct. at 1756. In *Fogerty*, the Supreme Court stated courts should consider a "nonexclusive" list of factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at n. 6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19). Under the new standard, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1756–57. Further, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757.

The Federal Circuit has concluded that "a district court's finding of widespread misconduct among [both] parties . . . is a more than adequate justification for an exercise of discretion denying sanctions." *Power*, 378 F.3d at 1415 (finding no abuse of discretion in denial of sanctions where all parties were credited with some share of the bad behavior).

  b.  **Rule 11 of the Federal Rules of Civil Procedure**

Under Rule 11, attorneys must "certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384, 393 (1990) (internal quotation marks omitted). A district court's Rule 11 ruling is reviewed for

abuse of discretion. *Id.* at 405. *See also Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006).

### c. 28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, the Court may award attorneys' fees for conduct that "unreasonably and vexatiously" multiplies the proceedings in a case." 28 U.S.C. § 1927. The Court may require "the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct" be satisfied personally. *Id.* The Fourth Circuit stated that bad faith is a precondition to the imposition of sanctions under § 1927. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012).

### d. Court's Inherent Power

Courts possess inherent powers to sanction litigation misconduct. *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 523 F.3d 1374, 1380 (Fed. Cir. 2008). If a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," a court may assess attorneys' fees as an exercise of its inherent power. *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). Notwithstanding, a court should exercise restraint in invoking its inherent power, and only do so where "neither statute nor the [Federal Rules of Civil Procedure] are up to the task." *Chambers*, 501 U.S. at 48-49.

### III. DISCUSSION

#### A. Rule 41(a)(2) Dismissal With Prejudice

##### 1. H&M's effort and expense in preparing for trial

Evidenced by its failure to produce sales documents or "a single witness for deposition," Stretchline argues that H&M has not expended significant effort in preparing for trial. In response, H&M contends that it has expended "great effort" on electronic discovery and

document production. Indeed, H&M states that it produced more than 26,000 pages of documents to Stretchline between June 2014 and January 2015, many of which needed to be translated at an additional cost. Furthermore, before the instant motion was filed, H&M answered the complaint as well as prepared and served initial disclosures, interrogatories, document requests, requests for admission, invalidity contentions, and an expert report. Nonetheless, the Court is left to wonder how much of the discovery done to date has been of use in the parallel proceeding occurring in the United Kingdom. Furthermore, H&M has not asserted that the discovery completed thus far cannot be used in a subsequent proceeding. Thus, on balance, the Court finds the first factor does not tilt conclusively in H&M's favor.

2. **Excessive delay or lack of diligence on the part of Stretchline**

While H&M has submitted evidence of delay on Stretchline's part, the Court cannot conclude such delay was excessive. And although H&M argues that Stretchline has "refus[ed] to make [its] witnesses available" for deposition, the Court notes that H&M failed to adequately address Stretchline's contention that H&M has yet to produce any witnesses for deposition. The fact that only one deposition has taken place over the past 22 months, and that was the deposition of a Stretchline witness, does not weigh in H&M's favor. Indeed, there is no evidence that Stretchline's prolonging tactics have outstripped H&M's. Accordingly, the Court finds that both Parties have engaged in dilatory litigation tactics that have unnecessarily impeded the progress of this case. For this reason, the second factor weighs in neither Party's favor.

3. **Insufficient explanation by Stretchline of the need for a dismissal**

The Court does not find Stretchline's explanation sufficient. Stretchline has submitted conflicting reasons for its Motion. On the one hand, it states that it is seeking dismissal because of H&M's failure to participate in good faith in this Court and because it is more cost-effective

to devote its resources to litigation occurring across the pond. Pl.'s Mem. in Support 2. ECF No. 80. On the other hand, it contends that its motion is based on H&M's failure to participate in litigation, coupled with its revelation that the total number of H&M products with the alleged infringing components is *de minimis*. Pl.'s Reply 1. ECF No. 83. Nowhere does H&M mention the cost-saving benefit of its United Kingdom litigation.

H&M also argues that Stretchline completely ignores H&M's allegations of knowledge of invalidating prior art. Though the Court notes that allegedly invalidating prior art has been considered as a proper reason for a Rule 41(a)(2) dismissal without prejudice, such determination has been made where the plaintiff granted the defendant a covenant not to sue. *See Lowell Mfg. Co. v. Atlas Sound, L.P.*, No. 4:10-cv-1152, 2011 WL 2693479, at *2 (E.D. Mo. July 11, 2011) (plaintiff filed Rule 41(a)(2) motion after investigating defendant's prior art allegations). Such is not the case here. Moreover, H&M can only speculate that the alleged prior art revelation is a motivating factor for Stretchline's motion. H&M has not filed a motion based on its alleged discovery. Without credible supporting evidence, H&M cannot receive the benefit of this allegation.

However, based on the lack of consistency in Stretchline's explanation for its Rule 41(a)(2) motion the third factor weighs in H&M's favor.

4. **Present stage of the litigation**

The present stage of litigation is an important consideration because "the length of time which an action has been pending goes to the extent which a defendant will be prejudiced by a dismissal without prejudice." *MBRO Capital, LLC v. Stolzar*, No. 3:09-cv-1688, 2011 WL 65913 *3 (D. Conn. Jan. 5, 2011). Nearly two years after reaching a settlement, this case reappeared on the Court's docket on April 4, 2013, with Plaintiff's Motion to Enforce Settlement Agreement.

Since then, the Parties have conducted a Rule 26(f) conference, the Court has conducted its Markman Hearing, and regardless of the number of depositions taken by either party, extensive discovery has been taken and discovery ends in two weeks. Furthermore, trial is less than three months away. After nearly five years of this back-and-forth, start-and-stop litigation, the Court is reluctant to allow Stretchline to push the "pause" button so that it may take a third bite at the apple whenever it so chooses. The Court finds H&M would be substantially prejudiced if Stretchline were granted a dismissal without prejudice at this late stage of the litigation. *See id.* ("Typically, when a Rule 41(a)(2) motion for voluntary dismissal without prejudice is denied, it is because the case has been ongoing for years, significant time and resources have been invested such that [the defendant] will be prejudiced by dismissal, and/or the case is at or near trial."). This factor would weigh in favor of a dismissal only with prejudice.

5. **Other Factors**

The Court also considers the waste of judicial time and resources. It is the Court's responsibility to ensure the "just, speedy, and inexpensive" administration of its docket. Fed. R. Civ. P. 1. *See also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 993 (E.D. Va. 1998). Stretchline filed its case in June 2010, settled it in July 2011, resurrected it in April 2013, and in January 2015, asked this Court to essentially "put it on ice" with a dismissal without prejudice. A request for voluntary dismissal without prejudice under these circumstances runs counter to the goals of Rule 1. Moreover, the Court expressed its concern that judicial resources were being wasted when this case was restored to the Court's docket because Stretchline filed its Motion to Enforce Settlement without first producing the alleged infringing product for H&M's inspection, as required by the settlement agreement. Those concerns have been renewed by Plaintiff's motion.

For the foregoing reasons, the Court will grant Stretchline's Motion for Voluntary Dismissal with prejudice.

B.     **Costs & Attorneys' Fees**

    1.     **Costs**

As set forth above, under Federal Circuit law, a dismissal with prejudice operates as an adjudication on the merits and the prevailing party is the party against whom the claims are dismissed. In the Fourth Circuit, prevailing parties are entitled to costs as a matter of course. Therefore, a dismissal with prejudice necessarily entitles H&M to costs, absent a good reason to the contrary. Stretchline has offered no such reason and it does not appear to the Court that one exists.

    2.     **Attorneys' Fees**

H&M argues sanctions are appropriate under Rule 11 and, to address bad faith conduct by Stretchline, pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to impose sanctions that offend the legal process. Def.'s Mem. in Resp. in Opp'n. 18. ECF No. 81. H&M further argues that attorneys' fees are appropriate because this is an "exceptional" case under 35 U.S.C. § 285. Def. Sur-Reply 3. ECF No. 87. The Court disagrees and declines to award attorneys' fees.

    a.     **Title 35 U.S.C. § 285**

Even under the Supreme Court's newly relaxed standard, H&M has not established that this case warrants exceptional designation.[2] Though exceptional-case designation applies where

---

[2] As an initial matter, it is not clear to the Court that a Rule 41(a)(2) dismissal with prejudice is sufficient on its own to convey prevailing party status upon H&M for *purposes of attorneys' fees under 35 U.S.C. § 285*. The Federal Circuit has held that a dismissal with prejudice granted pursuant to the district court's discretion under Rule 41(a)(2) "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court [may] properly . . . entertain [a defendant's] fee claim under 35 U.S.C. § 285" when that dismissal is accompanied by a filed covenant not to sue. *Highway Equip.*, 469 F.3d at 1035–36 (stating

13

a patentee engaged in inequitable conduct by withholding prior art, *Bruno Indep. Living Aids, Inc. v. Acron Mobility Servs., Ltd.*, 394 F.3d 1348 (Fed. Cir. 2005), no such finding can be made in this case.

As the Federal Circuit has stated, "[p]atent applicants owe a 'duty of candor and good faith' to the PTO. *Id.* at 1351 (quoting 37 C.F.R. § 1.56(a) (2004)). In order "[t]o prove inequitable conduct in the prosecution of a patent, [the defendant] must have provided evidence of affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1362 (Fed. Cir. 2003) (quoting *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359, 1366 (Fed.Cir.2001)). Intent and materiality, which are questions of fact that must be proven by clear and convincing evidence, *id.*, must be weighed "to determine whether the equities warrant a conclusion that inequitable conduct occurred." *Bruno*, 394 F.3d at 1351 (quoting *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

H&M states that it uncovered two prior art documents created and used by Switzerland-based EMS Chemie, a third party manufacturer and vendor of fusible yarn. It alleges that Stretchline "obviously used" these documents in connection with its patent application and failed to disclose them to the U.S. PTO. Apart from bare allegations, however, H&M has not offered to this Court any evidence at all, circumstantial or otherwise, that Stretchline possessed actual knowledge of the alleged prior art and failed to disclose them either to the U.S. PTO during patent prosecution or to this Court during the course of litigation. Although H&M makes much

---

that the defendant's "prevailing party status is not predicated on whether [the plaintiff] filed a Rule 41(a)(2) motion to dismiss with prejudice at the outset but is sufficiently based on its having filed a covenant not to sue with the court to end the litigation, resulting in a dismissal with prejudice").

of Stretchline's silence as to these allegations, Stretchline's decision to "remain silent" is an insufficient foundation for a finding of inequitable conduct. Failing to otherwise make the case for exceptional-case treatment, the record before the Court fails to establish a basis for attorneys' fees under § 285.

      b.    **Other Grounds for Sanctions**

As stated above, H&M bases its request for sanctions on Stretchline's alleged failure to disclose prior art documents. Because H&M has not substantiated its allegations with any proof, there is no basis for sanctions under Rule 11. As H&M has not established Stretchline engaged in bad faith conduct, sanctions cannot be imposed under 28 U.S.C. § 1927. Similarly, there is no basis for an exercise of the Court's inherent power.

## IV.    CONCLUSION

The Court **GRANTS** Stretchline's Motion to Voluntarily Dismiss **WITH PREJUDICE**. It shall pay H&M's costs. H&M shall submit its Statement of Costs within thirty (30) days of the date of this Order. Stretchline may respond to the Statement of Costs within ten (10) days of the date it is filed.

Given that governing law prevents Stretchline from obtaining a dismissal with prejudice without costs, which is the only condition on which it was amenable to a dismissal with prejudice, fundamental fairness demands that Stretchline have the opportunity to withdraw its Motion and proceed to a decision on the merits. Although the Court would have communicated its intentions at a hearing on the matter, Plaintiff waived oral argument on its motion. *See* Pl.'s Mem in Support 8; Pl.'s Reply 7. Accordingly, if it does not wish to pay H&M's costs, Stretchline is granted ten (10) days from the date of this Order to withdraw its Motion.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 24, 2015

/s/
Raymond A. Jackson
United States District Judge